TRIMBLE *v.* SHAFFER, *et. al.*

When witnesses testified that they sold the claim to plaintiff, and it appearing on cross-examination, that they conveyed by quit claim deed, the refusal of the court to rule out the oral testimony in relation to the claim, was not error.

Where it is proved that the boundaries of a claim have been once marked out according to law, the claimant need not show that the lines were kept fresh.

APPEAL *from Appanoose District Court.*

*Opinion by* KINNEY, J. This was an action of trespass, brought against Trimble by Shaffer & Bickford before a justice of the peace, for cutting timber. Trial by jury, and verdict of guilty, and damages assessed at two dollars. Defendant appealed to the dictrict court; judgment in district court for ten dollars in favor of the plaintiffs.

By the bill of exceptions, it appears that the plaintiff introduced Stratton and Boak, who swore that they sold to · plaintiffs the claim on which the trespass was committed. On their cross-examination ·they swore that the sale was made in writing by a quit claim deed; whereupon the defendant moved the court to rule out the testimony in relation to the sale, which the court refused to do. This is one error assigned. We think the court ruled correctly. They state a particular fact, to-wit: That the sale was made in writing. It would have been manifestly improper to have received testimony in relation to the contents of the deed, as the deed was the highest and best evidence, and oral testimony could not have been received of what it contained; but witnesses might with great propriety state that a deed had been given, and this was proper testimony to go to the jury. It then might well become a question whether the plaintiffs could recover without producing the evidence of their title, but that question is not raised or saved by the

O

Trimble *v.* Shaffer.

bill of exceptions, and therefore does not belong to the case. In this ruling therefore we see no error.

But it is contended that the court erred in instructing the jury that it was sufficient if the plaintiffs once marked out their claims so that their boundaries could be easily traced and the extent of said claims easily known, and that it was not incumbent upon the plaintiffs to keep their lines fresh. And that if the claim had once been made according to law and the custom of the neighborhood, it was all that was required. By an act entitled an " Act to prevent trespass, and other injuries being done to the possessions of settlers on the public domains," &c., the first section provides, that such claims shall be marked out so that the boundaries thereof can be readily traced and the extent of said claim easily known. Rev. Stat., 457.

If this had not been done by the plaintiffs in this case, it would have been a good defence to the action. But it appears by the record that the claim had been marked according to law, and upon this the instruction was based. One legal survey was sufficient. In this there is no error.

Judgment affirmed.

*Curtis Bates* and *J. M. Perry*, for appellant.

*W. H. Brumfield*, for appellees.